Peter R. Afrasiabi (Bar No. 193336)
Email: pafrasiabi@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

Joanna Ardalan (Bar No. 285384)
Email: jardalan@onellp.com
**ONE LLP**
9301 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90210
Telephone:  (310) 866-5157
Facsimile:   (310) 943-2085

*Attorneys for Plaintiff,*
*Backgrid USA, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHIC LITTLE DEVIL LLC, a California limited liability company and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-02532<br><br>**COMPLAINT FOR:**<br>   **(1) COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br>   **(2) REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION (17 U.S.C. § 1202(B))**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff, Backgrid USA, Inc., complains against Defendant Chic Little Devil, LLC, a California limited liability company, and DOES 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. and for acts of removal of copyright management information in violation of 17 U.S.C. § 1202. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and belief, the Defendants and their agents reside and may be found in this judicial district, and the injury suffered by Plaintiff took place in this judicial district.

## PARTIES

3. Plaintiff Backgrid USA Inc. ("Backgrid") is a California corporation existing under the laws of California, with its principal place of business located in Redondo Beach, California.

4. On information and belief, Defendant Chic Little Devil LLC ("CLD" or "Defendant") is a California limited liability company with its principal place of business in Los Angeles, California.

5. The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

## FACTS COMMON TO ALL COUNTS

*Backgrid and the Photographs that Frame This Dispute*

6. Backgrid owns and operates one of Hollywood's largest celebrity-photograph agencies that has earned a reputation of regularly breaking scoops on sought after celebrity

news. It owns the intellectual property rights, including the copyrights, to celebrity photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

7. Among many other in-demand photographs, Backgrid owns coveted photographs of celebrities, including Kylie Jenner, Paris Hilton, and Lucy Hale, among many others (hereinafter the "Photographs"). All rights, title and interest in the Photographs (including the photographs at issue in this case), including but not limited to the copyrights thereon, are owned by Backgrid.

8. Backgrid filed for copyright registration of the Photographs within 90 days of their first publication with the United States Copyright Office, including registration numbers VA0002106078, VA0002107955, and VA0002120547.

*Defendant and Its Willful Infringing Activity*

9. On information and belief, Defendant CLD is a full service PR agency and touts itself as having extensive experience in brand development, celebrity placement, media placement, influencer relations, events, social media, branding and "all other PR-related disciplines."  CLD represents high end fashion lines, including in the bridal, couture, eveningwear, cocktail attire and accessory spaces, and ready to wear brands, in their public relations and marketing endeavors.

10. On information and belief, CLD claims to provide "celebrity seeding," which means that through its relationships with talent, it facilitates celebrity endorsements of its clients' brand. On information and belief, CLD uses celebrity photographs, such as the Photographs at issue in this lawsuit, to demonstrate that it is successful with its celebrity seeding services.  As such, the Photographs are used generate revenue and CLD's brand awareness and goodwill.

11. CLD violated federal law by willfully infringing Backgrid's copyrights to at least five photographs on, at least, its Instagram Account and Facebook Account ("Social Media Accounts"). Attached hereto as Exhibit A and incorporated herein by reference are true and correct screenshots of the infringed Photographs that are at issue in this lawsuit.

12. Moreover, CLD induced, caused, or materially contributed to the reproduction, distribution and public display of the Photographs, and derivatives thereof, all while knowing that the infringements were without permission, consent, or license. By uploading the Photographs to the internet, it made the Photographs available to others to further distribute.

13. On information and belief, CLD operates and controls the Social Media Accounts at all times relevant to this dispute and financially benefits from the infringement of the Photographs displayed thereto. On information and belief, CLD has driven significant traffic to the Social Media Accounts and, in turn, its website, in large part due to the presence of the sought after and searched-for Photographs that frames this dispute. All of this traffic translates into substantial ill-gotten commercial advantage and brand awareness as a direct consequence of its infringing actions.

14. On information and belief, CLD's Instagram Account was suspended by Instagram because CLD was found to be a repeat infringer under 17 U.S.C. 512(i).

15. On or around March 1, 2019, Backgrid sent Defendant CLD a demand letter and draft complaint. The Parties conferred but were unable to resolve the dispute.

16. Even after receiving the demand letter, and, as such, notice of infringement, Defendant CLD's infringement of at least one of the Photographs at issue in this lawsuit is still publicly displayed on CLD's Facebook page, as demonstrated in Exhibit B. In addition, CLD continues to infringe other photographs to which Backgrid is a rightsholder on Facebook. A true and correct copy is attached as Exhibit C. While the photograph as shown in Exhibit C is not at issue in this lawsuit, it demonstrates that CLD willfully disregards the copyrights of Backgrid, even after CLD received notice.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501)

17. Backgrid incorporates here by reference the allegations in paragraphs 1 through 16 above.

18. Backgrid is the owner of all rights, title, and interest in the copyrights of the Photographs that frames this dispute, which substantially consist of material wholly original and which are copyrightable subject matter under the laws of the United States.

19. Backgrid filed for copyright registration of the Photographs within 90 days of their first publication with the United States Copyright Office.

20. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying, distributing, and utilizing the Photographs for purpose of trade in violation of 17 U.S.C. § 501 *et seq.*

21. All of the Defendants' acts are and were performed without permission, license, or consent of Backgrid.

22. Backgrid has identified at least five timely registered photographs infringed by way of unlawful reproduction and display of Backgrid's Photographs (as well as the unlawful facilitation of other's reproduction of its photographs). Backgrid has identified at least one other infringement that will be included by amendment to this Complaint once registration has issued.

23. As a result of the acts of Defendants alleged herein, Backgrid has suffered substantial economic damage.

24. Defendants have willfully infringed, and unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing the Photographs by, among other things, virtue of CLD's encouragement of the infringement and financial benefit it receives Backgrid's copyrights.

25. The wrongful acts of Defendants have caused, and are causing, injury to Backgrid, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Backgrid will suffer irreparable injury, for all of

which it is without an adequate remedy at law.  Accordingly, Backgrid seeks a declaration that Defendants are infringing Backgrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement.

26. The above-documented infringements alone would entitle Backgrid to a potential award of up to $ 150,000 in statutory damages for each infringed photograph, in addition to its attorney's fees.

## SECOND CLAIM FOR RELIEF

**(Removal of Copyright Management Information,**
**17 U.S.C. § 1202(b) *et seq.*)**

27. Plaintiff incorporates here by reference the allegations in paragraphs 1 through 26 above.

28. The name of, and other identifying information about, the author of a work and the copyright owner of the work constitutes "copyright management information" as defined under 17 U.S.C. § 1202(c)(2) & (3).

29. In conjunction with their distribution and public display, Defendants have knowingly removed CMI, including the authorship and ownership information.  By taking off CMI, Defendants knowingly mislead people as to the author and owner of the Photograph, and attempt to cover up its own infringement.  *See* Exhibit A.

30. As such, Backgrid is informed and believes and on that basis alleges that Defendants, without the knowledge or authority of Backgrid or the law, and with the intent to induce, enable, facilitate and/or conceal infringement of Backgrid's copyright or, having reasonable grounds to know that it would induce, enable, facilitate and/or conceal infringement of Backgrid's copyright, intentionally removed and/or caused or induced others to remove copyright management information from the Photographs, and/or distributed or imported the Photographs and/or caused or induced others to distribute or import the Photographs with knowledge of the removal of Backgrid's copyright management information, and/or distributed or imported for distribution the Photographs

with knowledge of the removal of copyright management information in violation of 17 U.S.C. § 1202(b)(1)-(3).

31. Defendants' removal of copyright management information for the Photographs and subsequent distribution and public display of the Photographs was willful and intentional, and was and is executed with full knowledge of Backgrid's rights under copyright law, and in disregard of Backgrid's rights.

32. Backgrid is entitled to recover its actual damages suffered as a result of the violation and any profits of Defendants attributable to the violation and not taken into account in computing actual damages, or, at Backgrid's election, statutory damages, pursuant to 17 U.S.C. § 1203(c), of up to $25,000 per act of removal.

33. Backgrid is entitled to recover costs and attorneys' fees from Defendants pursuant to 17 U.S.C. § 1203(b)(4) and (5).

34. Defendants' violation of 17 U.S.C. § 1202(b) has caused, and, unless restrained by this Court, will continue to cause, irreparable injury to Backgrid not fully compensable in monetary damages. Pursuant to 17 U.S.C. § 1203(b), Backgrid is entitled to a preliminary and permanent injunction enjoining Defendants from further such violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Photos of Backgrid;

2. That an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter

devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b) and 17 U.S.C. § 1203(c)(1)(A) & (c)(2);

3. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement, removal, and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. § 504 (a)(1) & (b) and 17 U.S.C. § 1203(c)(1)(A) & (c)(2);

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c), and for removal of copyright management information, in accordance with 17 U.S.C. § 1203(c)(1)(A) & (c)(2);

6. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505 and 1203(b)(5);

7. For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505, and 17 U.S.C. § 1203(b)(4); and

8. For any such other and further relief as the Court may deem just and appropriate.

Dated:  April 3, 2019                                  **ONE LLP**

                                                      By:  /s/ Joanna Ardalan
                                                           Joanna Ardalan
                                                           Attorneys for Plaintiff,
                                                           Backgrid USA, Inc.

# DEMAND FOR JURY TRIAL

Plaintiff Backgrid USA, Inc., hereby demands trial by jury of all issues so triable under the law.

Dated: April 3, 2019              **ONE LLP**

                                  By: /s/ Joanna Ardalan
                                      Joanna Ardalan
                                      Attorneys for Plaintiff,
                                      Backgrid USA, Inc.

**COMPLAINT**